[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action seeks underinsured motorist benefits to compensate the plaintiff for injuries she received in a motor vehicle accident on February 13, 1999, when a vehicle on Grove Street in New Milford crossed over the dividing line and struck an automobile that the plaintiff was driving. The other driver, who was at fault in the accident, had an insurance liability policy for $100,000 that was paid to the plaintiff. The plaintiff then brought the present action under General Statutes § 38-336a against her own insurance company, the defendant here. The defendant admitted liability and the only issues before the court in the bench trial of this case were the nature and extent of damages incurred by plaintiff arising from the February 13, 1999, collision. The parties stipulated that the defendant was entitled to a credit of $125,000 from any damages found, based on $100,000 paid to the plaintiff by the tortfeasor's insurer and an additional $25,000 paid under the medical payments endorsement on plaintiff's policy with defendant. Evidence offered at trial established that the plaintiff's policy with defendant provides her with $300,000 of uninsured motorist coverage.
The evidence offered at trial consisted of the testimony of the plaintiff and numerous exhibits, which included the police accident report, photographs, various medical records and reports, the insurance policy, and a list of medical expenses plaintiff has incurred.
There is absolutely no doubt that the plaintiff endured a terrifying experience. Seeing an oncoming car cross over the center lane and head toward her own vehicle, she legitimately feared for her life. The collision caused injuries to her left foot, head, shoulder, and chest. She experienced significant pain and emotional trauma during and after the accident and had numerous medical bills and lost wages as a result. The head injury caused cognitive impairments that have affected her on the job and in her daily life. CT Page 3461
The defendant submitted evidence questioning a causal connection between later surgery on plaintiff's foot and the accident. Dr. Geoffrey Taggart, who reviewed plaintiff's medical records for defendant, wrote in exhibit C that "[i]t is difficult for me to determine that the surgery performed on her foot was causally related to the February 13, 1999 accident." Defendant's exhibits A and C noted that the accident caused fractures to the third and fourth metatarsal necks of her left foot, while the later surgery was on the first and second metatarsals, the location of a pre-existing bunion deformity on that foot.
The court finds the plaintiff's countervailing evidence, however, more credible. Ms. Malins reported to her doctor that she had not had foot problems before the accident. She credibly testified that pain in her foot after the accident caused her to stop or curtail cherished regular recreational and leisure activities. Her own doctors concluded that the foot pain was the result of both the pre-existing bunion deformity and injuries caused by the accident. The purpose of the surgery was to relieve the pain that she experienced after and as a result of the accident. The court therefore finds that the foot pain she experienced and the ensuing foot surgery were causally related to injuries caused by the accident, and that impairments she continues to suffer also were
After the accident, the plaintiff frequency felt panicked, had trouble sleeping, and was diagnosed with post-traumatic stress disorder. She underwent therapy with Inge Johannsen Schultz, who also referred her to Diane Wattenmaker at the Cognitive Therapy Center. The defendant questions whether all the therapy was causally connected to the accident. Defense counsel elicited testimony that topics the plaintiff discussed with her therapists included smoking, her father, work issues, and certain losses plaintiff had experienced in her life. The court has reviewed the notes of plaintiff's therapy with Dr. Schultz (plaintiff's exhibit thirteen) and a letter from Diane Wattenmaker (exhibit fourteen). Both exhibits, along with plaintiff's own testimony, show that the therapy was focused on helping Ms. Malins deal with the stress and trauma she experienced as a result of the accident and the impact of that stress on her life.
Based on the totality of the evidence, the court finds that plaintiff incurred damages caused by negligence of the original tortfeasor in the amount of $225,000, which includes medical expenses of $30,663 and lost wages of $15,562.
Pursuant to the stipulation of the parties, and as required by law, said damages are subject to offsets in the amount of $100,000 for the payment on behalf of the tortfeasor and $25,000 for payments made by CT Page 3462 defendant under the medical payments endorsement of plaintiff's insurance with defendant. Accordingly, the court enters judgment for plaintiff in the amount of $100,000.
 BY THE COURT STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT
CT Page 3463